IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARIO RAMIREZ**, on behalf of himself and all other similarly situated employees, known and unknown,<br><br>Plaintiff,<br>v.<br><br>**DELIAN 6, INC.**, an Indiana corporation, **MINAS LITOS**, individually, **ELIAS LITOS**, individually, and **STASIA LITOS**, individually,<br><br>Defendants. | Civil Action<br><br>No.<br><br>JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of himself and all other similarly situated employees, known and unknown, the plaintiff, **MARIO RAMIREZ** complains of the defendants, **DELIAN 6, INC. d/b/a Round the Clock Restaurant** ("ROUND THE CLOCK"), an Indiana corporation, **MINAS LITOS** ("MINAS"), ELIAS LITOS ("ELIAS"), and STASIA LITOS ("STASIA").  Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

I. INTRODUCTION

1.  This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and to other similarly situated employees of the defendants (the "Putative Class").  The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants failed and refused to pay him time-and-one-half

overtime compensation for the hours he worked in excess of 40 in given weeks as the FLSA requires.

2. Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as well, and continue this improper payroll practice through the present day. In Count I, the plaintiff brings claims under Section 216(b) of the FLSA.

3. Additionally, the defendants routinely failed and refused to pay the plaintiff at a rate not less than both the applicable federal and Illinois minimum wage rates in given weeks.

4. Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members at rates not less than both the federal and Illinois minimum wage rates, and continue this improper payroll practice through the present day.

5. In Count II the plaintiff brings supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

6. In Count III, the plaintiff brings supplemental claims pursuant to the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*.

II. **THE PARTIES**

7. The plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

8. The following defendants are individuals who, upon information and belief, are domiciled in Indiana: a) MINAS; b) ELIAS; and c) STASIA.

9.     ROUND THE CLOCK is an Indiana corporation that maintains a registered office in Illinois at 1760 S. Torrence Avenue, Lansing, IL 60438.

10.    Upon information and belief, ROUND THE CLOCK's principal place of business is located at or near 1760 S. Torrence Avenue, Lansing, IL 60438.

11.    At all times relevant to this action, the following defendants were and are corporate officers of ROUND THE CLOCK: a) MINAS; b) ELIAS; and c) STASIA.

12.    Upon information and belief, at all times relevant to this action, the following persons held and hold an ownership interest in ROUND THE CLOCK: a) MINAS; b) ELIAS; and c) STASIA.

13.    At all times relevant to this action, the following persons exercised and exercise significant control over ROUND THE CLOCK's day-to-day affairs including its human resources and payroll functions: a) MINAS; b) ELIAS; and c) STASIA.

### III.  JURISDICTION AND VENUE

14.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

15.    Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

16.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

### IV.  STATUTORY CONSENT

17.    The plaintiff brings this case as an opt-out collective action under the FLSA on behalf of himself and the Putative Class, and in accord with Section 16(b) of the FLSA,

the plaintiff has given written consent to bring such an action (attached as **Exhibit A** and incorporated by reference).

V. **GENERAL ALLEGATIONS**

18. At all times relevant to this action, the defendants were the plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

19. At all times relevant to this action, the defendants were and are the Putative Class members' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted/act directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

20. At all times relevant to this action, the defendants were the plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the plaintiff, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

21. At all times relevant to this action, the plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed him to perform work for their benefit.

22. At all times relevant to this action, the Putative Class members were and are "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed/allow them to perform work for their benefit.

23. At all times relevant to this action, the plaintiff was an "employee" of the defendants within the meaning of Section 3(d) of the IMWL in that, among other things, the defendants allowed him to perform work for their benefit.

24. At all times relevant to this action, the defendants owned and operated, and own and operate, a restaurant commonly known as "Round the Clock Restaurant" and/or "Loubie's Pancake House" at or near 1760 S. Torrence Avenue, Lansing, IL 60438, at which the plaintiff was employed.

25. Upon information and belief, at all times relevant to this action, one or more of the defendants (and/or affiliated entities) owned and operated, and own and operate, at least one other restaurant in Illinois.

26. At all times relevant to this action, the defendants owned and operated, and own and operate, additional restaurants in Indiana.

27. The allegation in the preceding paragraph is supported by the fact that "Jocelyn," the general manager of the restaurant at which the plaintiff worked, was also the general manager of a restaurant in Indiana that was owned and operated by the defendants; and this Indiana restaurant that Jocelyn managed was also commonly known as "Round the Clock Restaurant" and/or "Loubie's Pancake House."

28. Additionally, the fact that ROUND THE CLOCK's formal name is "DELIAN 6, INC." begs the question: if "6" exists, do "5," "4," "3" and so on exist?

29. Upon information and belief, ROUND THE CLOCK had gross receipts in excess of $500,000.00 in: a) 2011; b) 2012; c) 2013; d) 2014; e) the twelve-month period between and including April 1, 2014 and March 31, 2015; and f) the twelve-month period between and including July 1, 2014 and June 30, 2015.

5

30. Upon information and belief, the defendants, and their affiliated business entities, which entities operated food service establishments, had gross receipts in excess of $500,000.00 in: a) 2011; b) 2012; c) 2013; d) 2014; e) the twelve-month period between and including April 1, 2014 and March 31, 2015; and f) the twelve-month period between and including July 1, 2014 and June 30, 2015.

31. During the course of his employment by the defendants, the plaintiff handled goods that moved in interstate commerce including but not limited to perishable produce, canned beverages, bottled beverages, meat products and poultry products.

32. During the course of their employment by the defendants, the Putative Class members handled and handle goods that moved in interstate commerce including but not limited to perishable produce, canned beverages, bottled beverages, meat products and poultry products.

33. During the course of their employment by the defendants, the plaintiff and the Putative Class members were and are not exempt from the minimum wage and maximum hour provisions of the FLSA.

34. During the course of his employment by the defendants, the plaintiffs was not exempt from the minimum wage and maximum hour provisions of the IMWL.

35. The plaintiff was employed by the defendants from about February, 2013, to about March 12, 2015, as a cook and a prep cook.

36. The plaintiff typically worked between 9 and 12 hours per day, 7 days per week for the defendants from about February, 2013, to about December 31, 2014 – between 63 and 84 hours per week, for an average of about 73.5 hours per week (10.5 x 7 = 73.5).

6

37. In about January, 2015, the defendants cut the plaintiff's hours to about 50 per week – about 10 hours per day, 5 days per week.

38. In the beginning of his employment by the defendants ("PERIOD A"), the plaintiff was paid a fixed salary of $450.00 per week (paid bi-weekly at $900.00), even though the number of hours he actually worked fluctuated from week to week.

39. During PERIOD A, because the plaintiff's hours fluctuated widely between 63 and 84 per week, there was a "clear mutual understanding of the parties that the fixed salary [was] compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period." 29 CFR § 778.114(a).

40. Because "the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week." *Id*.

41. During PERIOD A, The fixed weekly salaries that the defendants paid the plaintiff could not have included overtime premiums: if the defendants had paid overtime premiums to the plaintiff, his weekly compensation would have increased and decreased in a manner that tracked the fluctuation in the number of hours he worked each week, but it did not.

42. Additionally, between July 1, 2010 and the present, the Illinois minimum was wage $8.25 per hour; and this means that, even when the plaintiff only worked 63 hours in a week during PERIOD A, his de facto hourly wage was below the minimum ($450.00 / 63 = $7.14).

7

43. As shown in the preceding paragraph, it is impossible for the defendants to have paid the plaintiff at a rate not less than one and one-half times his regular hourly rate for the overtime (in excess of 40 in any given week) hours he worked during PERIOD A.

44. During PERIOD A, the plaintiff complained to the defendants about the manner in which he was being paid and demanded to be paid hourly.

45. In response to the plaintiff's complaints, at some point during the plaintiff's employment, and continuing through the termination of the plaintiff's employment on about March 12, 2015, ("PERIOD B") the defendants began to pay the plaintiff hourly at the rate of about $10.50 per hour.

46. However, during PERIOD B, the defendants paid the plaintiff at his straight rate for all of the hours that he worked – even for the overtime (in excess of 40 in any given week) hours that he worked.

47. During PERIOD B, the defendants failed and refused to pay the plaintiff at a rate not less than one and one-half times his straight rate for the overtime hours he worked.

48. During the course of his employment by the defendants as a cook and a prep cook, the plaintiff did not receive tips.

49. At their restaurants located in Illinois and Indiana, the defendants subjected the Putative Class members to the same, or similar, improper payroll practices as described above relative to the plaintiff.

## COUNT I
### (Violation of the FLSA)

50. The plaintiff hereby re-alleges the foregoing paragraphs.

51. Among other ways, the defendants violated the FLSA by:

    a. failing to pay the plaintiff for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

    b. failing to pay the plaintiff at a rate not less than the applicable, federal minimum wage rate;

    c. failing to accurately record the number of hours the plaintiff worked each week during PERIOD A;

    d. failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week during PERIOD A; and

    e. failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

52. Upon information and belief, the defendants also violated the FLSA by:

    a. failing to pay the Putative Class members for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed;

    b. failing to pay the Putative Class members at rates not less than the applicable, federal minimum wage rate;

    c. failing to accurately record the number of hours the Putative Class members worked/work each week;

    d. failing to provide the Putative Class members with pay stubs that accurately listed/list the number of hours they worked/work each week; and

    e. failing to provide the Putative Class members with pay stubs that accurately listed/list their hourly rates of pay.

53. The defendants' violation of the FLSA was willful in that the defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

54. The defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the plaintiff, on behalf of himself and the Putative Class, prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rates at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the federal minimum rate;

C. statutory liquidated damages as allowed by the FLSA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

55. The plaintiff re-alleges the foregoing paragraphs.

56. Among other ways, the defendants violated the IMWL by:

   a. failing to pay the plaintiff for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

   b. failing to pay the plaintiff at a rate not less than the applicable, Illinois minimum wage rate;

    c. failing to accurately record the number of hours the plaintiff worked each week during PERIOD A;

    d. failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week during PERIOD A; and

    e. failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

57. The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

58. The defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the IMWL's mandatory minimum rate.

    C. statutory penalties as allowed by the IMWL;

    D. interest on all amounts awarded;

    E. attorneys' fees, together with costs of suit and collection; and

    F. such further relief as may be fair and just in the premises.

## COUNT III
## (Violation of the IWPCA)

59. The plaintiff re-alleges the foregoing paragraphs.

60. In PERIOD A the parties had agreed that the plaintiff would be paid $450.00 per week for his labor.

61. In PERIOD B, the parties had agreed that the plaintiff would be paid hourly at the rate of about $10.50 per hour for his labor.

62. Among other ways, the defendants violated the IWPCA by failing to pay the plaintiff all of the wages due and owing to him for the work he had performed in certain weeks during his employment.

63. Specifically, during the course of the plaintiff's employment by the defendants, the plaintiff's pay would, in seemingly random weeks, be short by about $30.00 to $60.00.

64. The defendants were aware or should have been aware of their obligations under the IWPCA, but nevertheless attempted to circumvent its provisions.

65. The defendants failed to take affirmative steps to ascertain their obligations under the IWPCA.

WHEREFORE the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff for each week during PERIOD A in which the defendants paid the plaintiff less than $450.00;

B. damages in an amount equal to the unpaid wages due and owing to the plaintiff for each hour the plaintiff worked in PERIOD B, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the plaintiff's regular

hourly rate (in no case less than one and one-half times the IMWL's mandatory minimum rate).

C. statutory penalties as allowed by the IWPCA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## JURY DEMAND

The plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

    Respectfully submitted,

    /s/Paul Luka
    One of the Plaintiff's Attorneys

Paul Luka
Law Office of Paul Luka, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 971-7309
paul@lukapc.com

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Mendoza Law, LLC, and the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Round the Clock restaurant, Minas, Litos, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

*Mario Ramirez*
Signature

MARIO RAMIREZ
Print Name